IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY JONES,<br><br>    Plaintiff,<br><br>  v.<br><br>INDERPAL BAL, et al.,<br><br>    Defendants. | No. 2:19-CV-1971-DMC-P<br><br><br>ORDER |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's complaint. See ECF No. 1.

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

### I. PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner at Mule Creek State Prison. Plaintiff names the following as defendants: (1) Dr. Inderpal Bal, Chief Medical Executive; (2) Dr. Wesley Vaughn, Chief Medical Doctor Physician Surgeon; (3) Dr. Christopher Smith, Physician Surgeon; (4) Dr. Sam Wong; (5) Kimberly Mashad, Chief Executive Nurse; (6) Julie Shattuck, Nurse Instructor; (7) Bryan Leonard, Registered Nurse; (8) Sirrea Roberts, Public Health Nurse; (9) Joe Lizzaraga, Warden; (10) the Public Health Department of Amador County; (11) the California Department of Corrections and Rehabilitations (CDCR), Division of Health Services; (12) CDCR Office of the Ombudsman; (13) Sara Li Smith, Employee of CDCR Office of the Ombudsman; and (14) Diana Toche.

Plaintiff alleges that the named defendants have violated the Eighth Amendment by being deliberately indifferent to plaintiff's medical needs. Specifically, plaintiff alleges that he was exposed to the disease tuberculosis (TB) as a result of the defendants' misconduct. In the months of November and December of 2018, plaintiff alleges that inmate Morales, a fellow inmate in plaintiff's housing block, contracted TB. Despite this, defendants failed to act to prevent the spread of TB and were inadequate in providing medical care.

According to plaintiff, the various named defendants failed to properly quarantine plaintiff's housing unit and follow proper quarantine procedures. ECF No. 1, pgs. 5, 18, 20. All defendants of supervisory capacity also failed to properly supervise and train their staff, leading to plaintiff's exposure. Id. at 9, 18, 20. Also, various of the named defendants allegedly "conspired" to "cover up and downplay" the TB outbreak. Id. at 12-13.

///

Throughout his complaint, plaintiff alleges that all defendants acted with "callous disregard" towards him. Id. 12, 20, generally.

## II. DISCUSSION

The Court finds plaintiff's complaint suffers from a number of defects, each of which is discussed in more detail below. Specifically: (1) plaintiff fails to establish a causal connection between any named defendant and a constitutional violation; (2) plaintiff fails to allege facts to show deliberate indifference to a serious medical need; (3) some defendants are immune from suit under the Eleventh Amendment; and (4) plaintiff fails to adequately allege liability as to the named municipal defendant.

### A. **Causal Connection**

Plaintiff's complaint fails to establish a causal connection between the defendants and an alleged constitutional violation.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, plaintiff's complaint is nearly entirely couched in conclusory allegations. Plaintiff alleges that the named defendants demonstrated a "callous disregard" towards him and that they either "failed to train" their staff or "conspired" to cover up the outbreak. ECF No. 1, pg. 11. However, it is unclear from plaintiff's complaint what specific conduct each particular

defendant was engaged in, or how that conduct resulted in harm to plaintiff. Among other omissions, plaintiff does not describe: (1) which defendant failed to instruct which staff member, (2) what training was necessary, (3) what each defendant's responsibility to plaintiff was, (4) how the absence of training specifically injured plaintiff, (5) or how exactly defendants "conspired" to cover up the TB outbreak. Additionally, plaintiff repeatedly refers to the defendants jointly as MCSP "staff" or "faculty", making it unclear which particular defendant was engaged in any specific form of misconduct. Simply attaching the names of defendants to a threadbare recitation of the elements of deliberate indifference is insufficient to state a valid claim under § 1983. Instead a plaintiff must lay out a causal chain between the specific acts of a particular defendant and an actual injury. To merely describe a defendant as "deliberately indifferent" is insufficient. Therefore, plaintiff shall be granted leave to amend and is instructed to provide a clear factual context for his claims.

### B. Deliberate Indifference of Medical Needs

Additionally, plaintiff's complaint does not clearly make out a cognizable claim under the Eight Amendment.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison

4

official must have a "sufficiently culpable mind." See id.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff alleges that, as a result of the defendants' misconduct, he was exposed to TB and suffered from "mental anguish . . ., anxiety . . ., pain and suffering . . ., and psychological stress." ECF No. 1, pg. 5. The Eastern District has acknowledged that the placement of prisoners at serious risk of contracting a contagious disease may serve as the basis for a deliberate indifference claim. See Jackson v. California, No. 1:13-cv-01055-LJO-SAB, 2014 U.S. Dist. LEXIS 22966, at *35 (E.D. Cal. Feb. 20, 2014). However, here, it is unclear from plaintiff's complaint whether he alleges that any of the named defendants acted unnecessarily and wantonly for the purpose of inflicting harm. Throughout his complaint, plaintiff vacillates between labeling defendants' conduct as either negligent or deliberately indifferent. See ECF No. 1, pgs. 5, 9, 11, 20. To the extent plaintiff alleges that the named defendants were merely negligent in their medical care service, such misconduct does not give rise to a claim under the Eight Amendment.

### C. Eleventh Amendment Immunity

Plaintiff names the following entities as defendants in this suit: the California Department of Corrections and Rehabilitations (CDCR), Division of Health Services; and the CDCR Office of the Ombudsman.

". . .[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) (holding applies "to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes"). "State agencies are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute." Maldonado v. Harris, 370 F.3d 945, 951 (9th Cir. 2004); See Doe v. Lawrence Livermore Nat. Laboratory, 131 F.3d 836, 839 (9th Cir. 1997) ("a suit against a state official in his official capacity is no different

from a suit against the State itself. Therefore, state officials sued in their official capacities are not "persons" within the meaning of § 1983").

Here, the plaintiff has filed a § 1983 claim against two separate divisions of the California Department of Corrections and Rehabilitations. The CDCR is an arm of the State of California such that it is not subject to § 1983 claims. See Haack v. Cal. Dep't of Corr. & Rehab., No. CV F 12-0098, 2012 U.S. Dist. LEXIS 21556, at *10-11 (E.D. Cal. Feb. 21, 2012). Therefore, plaintiff's claims here are improper and granting leave to amend would be futile. Additionally, the court notes that plaintiff has named Sara Li Smith, an employee of the CDCR Office of the Ombudsman, as a defendant and has also sued multiple defendants in their "color of law authority". See ECF. No. 1, pgs. 22-23. To the extent plaintiff attempts to file a § 1983 claim against a state agent in their official capacity, such a suit would also be improper.

### D. **Municipal Liability**

Plaintiff names the Public Health Department of Amador County as a defendant but does not allege facts sufficient to establish municipal liability.

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

///

Here, plaintiff's claim is against the public health branch of a county. Thus, the defendant is a "person" for § 1983 purposes. However, plaintiff states that he is suing the defendant for their "reckless[] disregard" and "negligence" in "[delaying] medical treatment." ECF No. 1, pg. 23. Therefore, it does not appear that plaintiff is claiming that his rights were violated as a result of the entity's policies or customs. To the degree that plaintiff's claims against the defendant rests solely on the alleged misconduct of its employees or agents, defendant shall not be liable, and amendment here would be futile.

### III. CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

///

///

///

Because some of the defects identified in this order cannot be cured by amendment, plaintiff is not entitled to leave to amend as to such claims. Plaintiff, therefore, now has the following choices: (1) plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and the court will address the remaining claims; or (2) plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the court will issue findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: March 5, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE