1
2
3
4
5
6
7
8            **IN THE UNITED STATES DISTRICT COURT**
9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10

11   GREGORY JONES,                          No.  2:19-CV-1971-DMC-P

12                    Plaintiff,

13          v.                               ORDER

14   INDERPAL BAL, et al.,

15                    Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint.  See ECF No.

19   15.

20          The Court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

22   § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

23   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

24   from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

25   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

26   statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This

27   means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d

28   1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

1

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

As with the original complaint, Plaintiff names the following as defendants in the first amended complaint: (1) Dr. Inderpal Bal, Chief Medical Executive at Mule Creek State Prison (MCSP); (2) Dr. Wesley Vaughn, Physician at MCSP; (3) Dr. Christopher Smith, Physician at MCSP; (4) Dr. Sam Wong, Physician at MCSP; (5) Kimberly Mashad, Executive Nurse at MCSP; (6) Julie Shattuck, Nurse Instructor at MCSP; (7) Bryan Leonard, Registered Nurse at MCSP; (8) Sirrea Roberts, Public Health Nurse at MCSP; and (9) Joe Lizzaraga, former Warden of MCSP.  See ECF No. 15, pgs. 2-3.

Individuals newly named in the first amended complaint are: (1) Traci Patterson, Chief Executive Officer of Health Care Services at MCSP; (2) Patrick Covello, current Warden of MCSP; (3) J. Vila, Appeals Examiner at the California Department of Corrections and Rehabilitation (CDCR) Office of Appeals; (4) M. Martinez, Health Care Appeals Nurse at MCSP; (5) F. Vasquez, Associate Warden at MCSP; and (6) J. Quiring, Lieutenant Custody Staff Interviewer at MCSP.  See id. at 3-4.  The Clerk of the Court will be directed to update the docket to add these individuals as defendants.

Plaintiff no longer names the following defendants named in the original complaint: (1) the Public Health Department of Amador County; (2) the CDCR Division of Health Services; (3) CDCR Office of the Ombudsman; (4) Sara Li Smith, employee of CDCR Office of the Ombudsman; and (5) Diana Toche.  The Clerk of the Court will be directed to terminate these entities and individuals as defendants.

/ / /

1      Plaintiff asserts three claims for relief.

2            <u>Claim I – Threat to Safety; Failure to Protect</u>

3      Plaintiff states that, in "[e]arly November 2018," he was housed in cell 103 at

4  MCSP and inmate Ralph Morales was housed in next door in cell 104.  <u>See id.</u> at 5.  According to

5  Plaintiff, about two weeks later it was discovered that inmate Morales was positive with

6  Tuberculosis (TB).  <u>See id.</u>  Plaintiff states that, had a proper intake for inmate Morales been

7  conducted, the infection would have quickly been discovered.  <u>See id.</u>  Plaintiff contends that,

8  instead, Morales was "allowed to intermingle with the rest of the prison population."  <u>Id.</u>  Plaintiff

9  states that he began requesting to be tested as soon as he learned that inmate Morales had been

10  infected.  <u>See id.</u>

11      Plaintiff claims that "Mule Creek State Prison medical staff failed to take

12  appropriate actions. . . ."  <u>Id.</u> at 7.  Plaintiff claims Defendants Lizzaraga, Covello, Vasquez are

13  liable "as wardens. . . ."  <u>Id.</u>  Plaintiff claims Defendant Bal is liable as the chief medical

14  executive at MCSP.  <u>See id.</u>  Plaintiff claims Defendants Vaughn, Smith, Wong, Mashad,

15  Leonard, Roberts, and Martinez are liable because they failed to follow procedures relating to

16  infectious disease in the prison.  <u>See id.</u> at 7-8.  Plaintiff claims Defendants Martinez, Vila, and

17  Quiring are liable by way of their handling of Plaintiff's grievances.  <u>See id.</u> at 8.

18            <u>Claim II – Deliberate Indifference; Medical Care</u>

19      Plaintiff states that, on December 5, 2018, after learning that an inmate housed in

20  the cell next to his had contracted TB, Plaintiff became fearful that his own health was at risk and

21  "immediately began requesting to be tested. . . ."  <u>Id.</u> at 9.  Plaintiff states he has a compromised

22  immune system.  <u>See id.</u>  According to Plaintiff, when he had not been called for a TB test after a

23  week, he submitted another request to be tested.  <u>See id.</u>  Plaintiff claims the second request

24  "went unresponded to as well."  <u>Id.</u>  Plaintiff states that "subsequent requests" were also ignored.

25  <u>Id.</u>  Plaintiff states that he was eventually tested for TB on January 29, 2019 – nearly eight weeks

26  after Plaintiff's initial request for testing.  <u>See id.</u>  Plaintiff claims the delay "amounted to

27  deliberate indifference."  <u>Id.</u> at 10.  Plaintiff does not reference any named defendant in

28  connection with Claim II.

<u>Claim III – Conspiracy to Withhold Care; Medical Care</u>

Plaintiff states that he requested forms and records for the purpose of filing a grievance related to inadequate medical care and deliberate indifference to his medical needs. See id. at 11.  According to Plaintiff, he was told by "medical staff" the requested records do not exist.  See id.  Plaintiff states he knows this to be untrue.  See id.  Plaintiff claims "this indicates that several medical staff personnel are acting in collusion to prevent Plaintiff. . .from []presenting the claims I appealed."  Id.  Plaintiff does not reference any named defendant in connection with Claim III.

## II.  DISCUSSION

As with the original complaint, the Court finds Plaintiff's first amended complaint continues to suffer from one primary defect.  Specifically, Plaintiff fails to allege facts to show a causal connection between any named defendant and a constitutional violation.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The

1    Supreme Court has rejected the notion that a supervisory defendant can be liable based on

2    knowledge and acquiescence in a subordinate's unconstitutional conduct because government

3    officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct

4    and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory

5    personnel who implement a policy so deficient that the policy itself is a repudiation of

6    constitutional rights and the moving force behind a constitutional violation may, however, be

7    liable even where such personnel do not overtly participate in the offensive act.  See Redman v.

8    Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).  As with any other defendant

9    to an § 1983 action, when a defendant holds a supervisory position, the causal link between such

10   defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v.

11   Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.

12   1978).

13           Here, none of the named defendants is referenced in Claim II or Claim III.  While

14   Plaintiff does reference many of the named defendants in Claim I, he does so generically and does

15   not link any particular defendant to the conduct alleged in Claim I or elsewhere in the first

16   amended complaint.  Plaintiff's allegation that "Mule Creek State Prison medical staff failed to

17   take appropriate actions. . . ." is insufficient to put any particular defendant on notice of what

18   actions are being attributed to them.  Similarly, Plaintiff contention that certain defendants failed

19   to follow procedures is vague as to who is alleged to have, or not have, done what.  Moreover,

20   many named defendants are alleged to be liable solely based on their roles as supervisory

21   personnel, and not based on their own personal conduct.

22           Plaintiff will be provided an additional opportunity to amend to cure this pleading

23   defect.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

### III. CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1.      The Clerk of the Court is directed to update the docket to add the following as defendants: (a) Traci Patterson, Chief Executive Officer of Health Care Services at MCSP; (b) Patrick Covello, current Warden of MCSP; (c) J. Vila, Appeals Examiner at the California Department of Corrections and Rehabilitation (CDCR) Office of Appeals; (d) M. Martinez, Health Care Appeals Nurse at MCSP; (e) F. Vasquez, Associate Warden at MCSP; and (f) J.

1    Quiring, Lieutenant Custody Staff Interviewer at MCSP;

2                2.      The Clerk of the Court is directed to update the docket to terminate the

3    following as defendants: (a) the Public Health Department of Amador County; (b) the CDCR

4    Division of Health Services; (c) CDCR Office of the Ombudsman; (d) Sara Li Smith, employee

5    of CDCR Office of the Ombudsman; and (e) Diana Toche;

6                3.      Plaintiff's first amended complaint is dismissed with leave to amend; and

7                4.      Plaintiff shall file a second amended complaint within 30 days of the date

8    of service of this order.

9

10   Dated:  August 16, 2021

11                                                    _____

12                                                    DENNIS M. COTA
                                                      UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7