IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY JONES, | No. 2:19-CV-1971-TLN-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| INDERPAL BAL, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court are Plaintiff's motions to compel.  See ECF Nos. 69, 70, 71, and 76.  Defendants have filed two briefs in opposition.  See ECF No. 72 (addressing Plaintiff's motions at ECF Nos. 69, 70, and 71) and 78 (addressing Plaintiff's motion at ECF No. 76).  Plaintiff has filed a reply brief and declaration in support of the motions at ECF Nos. 69, 70, and 71.  See ECF Nos. 74 and 75.  Plaintiff did not file a reply in support of the motion at ECF No. 76.  For the reasons discussed below, Plaintiff's motions will be denied.

/ / /

/ / /

/ / /

/ / /

/ / /

1

## I. BACKGROUND

On May 5, 2023, the Court issued a discovery and scheduling order for this case. See ECF No. 68. The order directed that all discovery be completed by January 8, 2024, and that any motions necessary to compel discovery be filed by this date. See id. The order also specified that responses to written discovery would be due within 45 days of the date of service thereof. See id.

As reflected in Plaintiff's motions to compel at ECF Nos. 69, 70, and 71, Plaintiff served the following discovery in late October and early November 2023:

> Requests for Production of Documents directed to Defendant Bal served on October 30, 2023. See ECF No. 69, Exhibit A.
>
> Requests for Production of Documents directed to Defendant Roberts served on November 6, 2023. See ECF No. 70, Exhibit A.
>
> Requests for Production of Documents directed to Defendant Patterson served on November 8, 2023. See ECF No. 71, Exhibit A.

Pursuant to the discovery and scheduling order, Defendants' responses were due no later than 45 days after service of the discovery requests; i.e., by December 14, 21, and 23, 2023, respectively. Plaintiff's motions at ECF Nos. 69, 70, and 71 were served on December 11 and 12, 2023, and all filed on December 18, 2023.

Plaintiff's motion to compel at ECF No. 76 was filed on January 16, 2024. See ECF No. 76. Accompanying this filing are copies of the discovery requests to Defendants Bal, Roberts, and Patterson described above. See ECF No. 76-1, 76-2, and 76-3. Plaintiff's filing at ECF No. 76-1 consists of Plaintiff's requests to Defendant Patterson, see ECF No. 76-1, pgs. 1-18, Defendant Patterson's responses served on December 26, 2023, see id. at 25-48, and Plaintiff's motions to compel related to Patterson served on December 23, 2023, see id. at 19-24. Plaintiff's filing at ECF No. 76-2 consists of Plaintiff's requests to Defendant Roberts, see ECF No. 76-2, pgs. 1-18, Defendant Roberts' responses served on December 28, 2023, see id. at 25-47, and Plaintiff's motions to compel related to Roberts served on December 12, 2023, see id. at 19-24. Plaintiff's filing at ECF No. 76-3 consists solely of Plaintiff's requests to Defendant Bal. See ECF No. 76-3. Defendant Bal's responses are not provided, and Plaintiff has not, as with his

filings at ECF Nos. 76-1 and 76-2, included any separate motion to compel as to Defendant Bal.

Attached to Plaintiff's motion at ECF No. 76 are copies of the following discovery responses provided by Defendants:

> Defendant Bal's responses to Plaintiff's Requests for Admissions, Set One, served on September 29, 2023. See ECF No. 76, Exhibit A, pgs. 4-42.
>
> Defendant Covello's responses to Plaintiff's Requests for Admissions, Set One, served on November 17, 2023. See ECF No. 76, Exhibit A, pgs. 43-98.

## II. DISCUSSION

For the reasons discussed below, the Court finds that Plaintiff's motions to compel at ECF Nos. 69, 70, and 71 were prematurely filed. The Court also finds that Plaintiff's motion to compel at ECF No. 76 fails to meet the standard under Federal Rule of Civil Procedure 37 for issuance of an order compelling further responses.

### A. **Prematurely Filed Motions**

Pursuant to the provisions of the Court's discovery and scheduling order in this case, responses to written discovery requests were due within 45 days of the date of service thereof. Plaintiff's motions to compel at ECF Nos. 69, 70, and 71 concern discovery requests served by Plaintiff on October 30, 2023, November 6, 2023, and November 8, 2023. Consistent with the discovery and scheduling order, responses to these requests were due by December 14, 21, and 23, 2023, respectively. The proofs of service on Plaintiff's motions at ECF Nos. 69, 70, and 71 reflect service dates of December 11 and 12, 2023. All three motions were filed on the Court's docket on December 18, 2023.

Because Plaintiff served the motions to compel at ECF Nos. 69, 70, and 71 before the due dates for the discovery at issue, they were prematurely filed. Plaintiff cannot argue that Defendants should be compelled to provide discovery responses before such responses were due. Nor can Plaintiff satisfy his obligation to meet and confer in good faith regarding a dispute over discovery responses which were not yet due. Moreover, as reflected in defense counsel's declaration as well as Plaintiff's motion to compel at ECF No. 76 and accompanying filings, outlined above, Defendants Bal, Roberts, and Patterson have served responses to Plaintiff's

discovery requests.

### B. <u>Meritless Motion</u>

Plaintiff's motion at ECF No. 76 is somewhat confusing in terms of what Plaintiff is asking the Court to decide.  As best the Court can discern, Plaintiff is presenting in this single filing and accompanying submissions several separate motions to compel.  First, suggested by Plaintiff's inclusion of responses to requests for admissions served on Defendants Bal and Covello, Plaintiff may be seeking further responses to this discovery.  Second, suggested by Plaintiff's inclusion at ECF Nos. 76-1 and 76-2 of what appear to be renewed motions to compel as to responses by Defendants Bal and Roberts to Plaintiff's requests for production, Plaintiff may be further challenging this discovery.  The Court will discuss below these merits of these possible motions.

At the outset, however, the Court rejects Defendants' argument that Plaintiff's motion to compel at ECF No. 76 should be denied in its entirety as untimely.  According to Defendants, Plaintiff's motion is untimely because it was filed on January 16, 2024 – <u>after</u> the January 8, 2024, deadline set in the discovery and scheduling order for completion of discovery, including the filing of motions to compel.  A review of the proofs of service accompanying Plaintiff's filing at ECF No. 76, however, reflects that it was timely filed consistent with application of the "mailbox rule."

Under <u>Houston v. Lack,</u> 487 U.S. 266 (1988), for pro se prisoner litigants the filing date of documents is calculated based on the date the document was delivered to prison officials for mailing to the court.  Here, the proofs of service provided with Plaintiff's motion at ECF No. 76, reflect either a service date of December 12 or 23, 2023.  It is reasonable to presume that they were delivered to prison officials for mailing shortly thereafter one of these dates.  Presuming December 23, 2023, as the date Plaintiff's motion was delivered to prison officials – or at most a few days thereafter – the Court finds that Plaintiff's motion was timely filed in advance of the January 8, 2024, deadline.

/ / /

/ / /

The Court next turns to the merits of Plaintiff's possible motions to compel at ECF No. 76.

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

Under Rule 37, the party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). Rule 37 also requires the moving party to meet and confer with the opposing party. See

Fed. R. Civ. P. 37(a)(1).

As explained above, Plaintiff's motion to compel at ECF No. 76 suggests separate motions relating to requests for admissions propounded to and answered by Defendants Bal and Covello, and renewed motions relating to requests for production of documents propounded to and answered by Defendants Bal, Roberts, and Patterson. Plaintiff's motion at ECF No. 76 does not, however, present any argument that any of the discovery responses potentially at issue are inadequate. Plaintiff's motion thus fails to satisfy his burden under Rule 37 of explaining why any objections should be overruled and why Defendants' discovery responses are otherwise inadequate.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motions to compel, ECF Nos. 69, 70, 71, and 76, are DENIED.

Dated: June 12, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE